Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

Anthony I. Paronich (*Pro Hac Vice*)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
Anthony@paronichlaw.com

Attorney for Plaintiff
TANEISHA SIMMONS, NANCY MCCAULOU-BERNATZ and PAUL JENSEN, and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MCCAULOU-BERNATZ and PAUL JENSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INSURANCE SUPERMARKET, INC.,<br><br>Defendant. | Case No. 3:23-cv-00005-CRB<br><br>**CONSOLIDATED CLASS ACTION COMPLAINT**<br><br><br>Complaint Filed:   01/03/2023<br>Trial Date:         Not set |
| TANEISHA SIMMONS, individually, and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE SUPERMARKET, INC.,<br>Defendant. | Case No. 3:23-cv-04992-CRB<br><br><br>Complaint Filed:   07/12/2023<br>Transfer Date:     09/29/2023<br>Trial Date:        Not set |

Plaintiffs Nancy McCaulou-Bernatz, Taneisha Simmons and Paul Jensen ("Plaintiffs") by their undersigned counsel, for this class action complaint against Defendant Insurance Supermarket, Inc. ("Insurance Supermarket") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.  INTRODUCTION

1. <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Insurance Supermarket to market its solar services through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. Moreover, Insurance Supermarket made telemarketing calls that, like those of the Plaintiffs, were registered on that National Do Not Call Registry.

## II.  PARTIES

4. Plaintiff Nancy McCaulou-Bernatz and Paul Jensen are each individuals residing in California. Plainiff Nancy McCaulou-Bernatz resides in this District.

5. Plaintiff Taneisha Simmons is an individual residing in Michigan.

6. Insurance Supermarket is a Delaware corporation and has a principal place of business in Florida.

### III.   JURISDICTION AND VENUE

7. <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because their calling conduct was directed into California and with respect to Ms. Simmons, the defendant requested that the claim be brought here.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims—namely, the direction of the illegal telemarketing—occurred into this District and with respect to Ms. Simmons, the defendant requested that the claim be brought here.

10. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiffs' claims—namely, the direction of the illegal telemarketing occurred in this District and with respect to Ms. Simmons, the defendant requested that the claim be brought here.

### IV.   FACTS

**A.   The Enactment of the TCPA and its Regulations**

11. <u>Robocalls Outlawed</u>: Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). Calls made by an ATDS or with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein. Encouraging people to hold robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

12. <u>Rationale</u>: In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

13. The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

14. <u>Prior Express Written Consent</u>: The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

4

Consolidated Class Action Complaint

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted) (internal quotation marks omitted).

15. <u>Do Not Call Registry</u>: Additionally, the TCPA outlaws unsolicited telemarketing (robocalls or otherwise) to phone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(c)(5).

**B.    Defendant's UnsolicitedTelemarketing to Plaintiffs**

16. Each Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff McCaulou-Bernatz's residential telephone number is (925) 285-XXXX.

18. That number has been on the National Do Not Call Registry since 2012 and it has not been removed from the Registry since that time.

19. Ms. McCaulou--Bernatz uses the number for personal, residential, and household reasons.

20. The number is not associated with any business.

21. Plaintiff Jensen's residential telephone number is (707) 681-XXXX.

22. That number has been on the National Do Not Call Registry since April 15, 2022 and it has not been removed from the Registry since that time.

23. Mr. Jensen uses the number for personal, residential, and household reasons.

24. The number is not associated with any business.

25. The Plaintiffs never consented to receive calls from Supermarket Insurance.

26. They never did business with Supermarket Insurance.

5
Consolidated Class Action Complaint

27. Nonetheless, Supermarket Insurance made pre-recorded calls to each Plaintiff.

28. The pre-recorded message was the same for each call with a message saying *hello, I am calling you regarding life insurance*.

29. The recorded message then continued to ask if the call recipient was looking for life insurance, and if the call recipient was over the age of 65.

30. The calls were clearly pre-recorded because (a) there was a pause after each Plaintiff picked up the phone so the recorded message could play (b) the recorded message had a monotone and consistent voice and (c) the recorded message was generic.

31. Mr. Jensen received calls on May 18 (twice) and May 26, 2022.

32. All of the calls were sent from 925-418-XXXX numbers.

33. On the May 26, 2022 call, the Plaintiff responded to the recorded message and was eventually connected with a live individual.

34. When the Plaintiff spoke to a live individual, they identified themselves as "Altiku Usmen".

35. "Altiku Usmen" said that they were calling from Insurance Supermarket, Inc. and proceeded to offer insurance services.

36. Mr. Jensen was not interested and terminated the call.

37. Ms. McCaulou-Bernatz received calls on June 2 and 3, 2022.

38. Both of the calls were sent from 925-XXX-XXX numbers.

39. On the June 3, 2022 call, the Plaintiff responded to the recorded message and was eventually connected with a live individual.

40. When the Plaintiff spoke to a live individual, they identified themselves as "Ichael Garcia".

6
Consolidated Class Action Complaint

41. "Ichael Garcia" said that they were calling from Insurance Supermarket, Inc. and proceeded to offer insurance services.

42. Ms. McCaulou-Bernatz was not interested and terminated the call.

43. "Ichael Garcia" provided a call back number of (855) 590-0128.

44. When called, this call back number goes to Insurance Supermarket.

45. Ms. Simmons's telephone number, (313) XXX-4118, is a non-commercial telephone number not associated with any business.

46. Ms. Simmons's telephone number is used for personal residential purposes.

47. Ms. Simmons's telephone number has been listed on the National Do Not Call Registry for years prior to the calls at issue.

48. Ms. Simmons has never been a customer of the Defendant and has never consented to receive calls from Defendant.

49. Despite that, the Ms. Simmons received at least three telemarketing calls from the Defendant, including on September 19, 20 and 21, 2022.

50. All of the calls came from Caller IDs that began with (313) 998-XXXX.

51. On the September 21, 2022 call, the Ms. Simmons answered the call and received a scripted telemarketing pitch.

52. The telemarketer asked her age, if she was interested in final expense insurance and the zip code she was located.

53. The Ms. Simmons then learned that she was speaking with Cindy Hines, who identified herself as an employee of the Defendant.

54. Ms. Hines also provided a call back number of (877) 560-3497.

55. This is a number for the Defendant.

7
Consolidated Class Action Complaint

56. Ms. Hines also tried to gather more information so she could make a written offer for insurance for the Ms. Simmons from the Defendant.

**C.     The Nuisance Created by Defendant's Automated Telemarketing**

57. Plaintiffs' attention was caught by the fact that the calls appeared local.

58. The telemarketing alleged herein: (A) invaded Plaintiffs' privacy and solitude; (B) wasted Plaintiff' time; (C) annoyed Plaintiffs; (D) tied up Plaintiffs phone line; and (E) harassed Plaintiffs.

## V.     CLASS ACTION ALLEGATIONS

59. <u>Class Definition</u>: Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiffs.

**Do Not Call Class:** All persons within the United States: (1) to whose residential telephone number (2) Defendant (or an agent acting on behalf of Defendant) placed more than one telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) despite the fact that the number was listed on the National Do Not Call Registry.

60. <u>Exclusions</u>: Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

61. <u>Numerosity</u>: The Classes are so numerous that joinder of all their members is impracticable.

62. Insurance Supermarket has been previously sued for telemarketing law violations.

63. <u>Commonality</u>: There are many questions of law and fact common to Plaintiffs and members of the Classes. Indeed, the very feature that makes Defendant's conduct so annoying— its automated nature—makes this dispute amenable to classwide resolution. These common questions of law and fact include, but are not limited to, the following: (A) whether the calls

were dialed *en masse* by a pre-recorded message; (B) whether Defendant's desire to sell insurance goods and services constitutes an "emergency" within the meaning of the TCPA; (C) whether Defendant had a pattern and practice of failing to obtain prior express written consent from people to whom it directed telemarketing; (D) whether Defendant had a pattern and practice of failing to remove numbers on the NDNCR from its telemarketing lists; and (E) whether Defendant's violations of the TCPA were knowing or willful.

64. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs' claims and those of the Classes arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

65. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable counsel experienced in TCPA class action litigation. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. The interests of Plaintiffs and their counsel are aligned with those of the proposed Classes.

66. <u>Superiority</u>: The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for Class members and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action (up to $1,500 per violation) are dwarfed by the cost of prosecution.

## VI.   FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)—Robocalling)  
On Behalf of Plaintiffs and the Robocall Class)**

67. Plaintiffs Nancy McCaulou-Bernatz and Paul Jensen reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

68. Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to the cellular telephone numbers of Plaintiffs and

members of the Cellular Telephone Class using an artificial or prerecorded voice without prior express written consent.

69. Plaintiffs and members of that Class are entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

70. Plaintiffs and members of that Class are entitled to an award of up to $1,500 in damages for each such knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

71. Plaintiffs and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to any cellular telephone number using an artificial or prerecorded voice without prior express written consent of the receiving party.

### VII. SECOND CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)—Telemarketing)
On Behalf of Plaintiffs and the Do Not Call Class**

72. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73. Defendant and/or its affiliates or agents violated the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2), by placing multiple unsolicited telemarketing calls within a 12-month period to the residential (including residential cellular) telephone numbers of Plaintiffs and members of the DNC Class even though those numbers had been listed on the NDNCR for at least 31 days.

74. Plaintiffs and members of that Class seek an award of $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

75. Plaintiffs and members of that Class are entitled to and seek an award of up to $1,500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

76. Plaintiffs and members of that Class are also entitled to and do seek an injunction prohibiting Defendant and/or its affiliates and agents from violating the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2), by placing unsolicited telemarketing calls to any telephone numbers listed on the NDNCR for at least 31 days.

# VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of the Classes, pray for judgment against Defendant as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiffs as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that actions complained of herein violate the TCPA;

E. An order enjoining Defendant and its affiliates, agents and related entities from engaging in the conduct set forth herein;

F. An award to Plaintiffs and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

# IX.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 20th day of December, 2023.

PARONICH LAW, P.C.

By:   /s/ Anthony I. Paronich
       Anthony I. Paronich
       Attorneys for Plaintiffs